UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRASER MCDONOUGH ROTCHFORD,

                Petitioner,

    v.

STATE OF WASHINGTON,

                Respondent.

CASE NO. 3:24-cv-05805-JLR-BAT

**REPORT AND RECOMMENDATION FOR DISMISSAL**

On September 9, 2024, Petitioner, Fraser McDonough Rotchford, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his convictions in the Superior Courts of Jefferson, Clallam, and King Counties. *See* Petition at Dkt. 1. The Clerk of Court sent Petitioner a notice that the habeas petition was filed without paying the filing fee or an application to proceed *in forma pauperis* (IFP), and that this is a deficiency Petitioner must cure by October 25, 2024, or the matter may be dismissed.

The Court has reviewed the habeas petition under Habeas Rule 4 of the Rules Governing § 2254 habeas cases and finds the petition should be dismissed because: (1) Petitioner previously filed a habeas petition challenging his King County conviction in this Court which was dismissed as untimely and as presenting unexhausted claims; (2) Petitioner avers he did not appeal or seek collateral review of the state convictions he challenges and his claims are thus unexhausted; (3)

REPORT AND RECOMMENDATION FOR
DISMISSAL - 1

1  Federal § 2254 habeas relief may be granted only if the state courts' decisions that are challenged
2  were contrary to or involved an unreasonable application of clearly established Supreme Court
3  law, or if the state courts' decisions were based upon an unreasonable determination of the facts.
4  The habeas petition fails to set forth any facts showing relief is warranted under § 2254; and (4)
5  Petitioner has neither paid the filing fee nor has he submitted a sufficient application to proceed
6  IFP.

**DISCUSSION**

The present § 2254 habeas petition indicates Petitioner challenges state convictions involving "stalking, harassment, violation of an anti-harm [unintelligible] orders, threats to kill." Dkt. 1 at 1. As ground one for relief, Petitioner contends "The pretension of innocence based on the violation of consent conflates the categorical imperative w/ representations." *Id.* at 5. Petitioner indicates he did not appeal or seek collateral review of this claim in the state courts. *Id.* As ground two for relief, Petitioner contends:

> My criminal record in its entirety limited to the state of Washington although I did get a restraining order from the reincarnation of Marx in Alameda – b/c I wouldn't fuck her in the butt is undermined by the fact I never legally left the Army – an other than dishonorable discharge. I lied about # of times I used marijuana which undermines USC, USMC, Plator, Richards and Parker E. Youngblood.

*Id*. at 6. Petitioner also indicates he was forced to take medications to gain competency in violation of his right not to testify against himself and that the state prosecutors are liable for transferring Petitioner from Clallam County without charges after Petitioner filed grievances regarding the victim in the case. *Id.* at 9. The habeas petition further avers Petitioner did not appeal or seek collateral relief of any of the state court convictions that he now challenges herein. *Id.*

REPORT AND RECOMMENDATION FOR
DISMISSAL - 2

1   As an initial matter, the Court takes judicial notice[1] that this is Petitioner's third habeas

2   challenge to his King County Superior Court conviction. This Court's records show Petitioner

3   filed a habeas petition in *Rotchford v. State of Washington,* 2:22-cv-00727-RSM challenging his

4   felony harassment conviction in King County Superior Court No. 17-1-01428-8. The Court

5   adopted the report and recommendation in this case and found Petitioner's habeas challenge was

6   barred by the statute of limitations and presented unexhausted and defaulted claims because

7   Petitioner never appealed or sought the collateral review of the conviction in the state courts. The

8   Court dismissed the habeas petition on June 23, 2024. The Court also notes Petitioner filed a

9   habeas petition challenging his King County conviction on January 14, 2021 in *Rotchford v.*

10  *Department of Corrections*, 2:21-cv-00057-RJB. That petition was dismissed on June 2, 2021 for

11  failure to pay the filing fee or submit a sufficient IFP application.

12  As Petitioner's habeas challenge to his King County conviction has been previously

13  determined by a judge in this Court as time-barred, unexhausted, and procedurally barred,

14  Petitioner may not reraise challenges to this conviction by filing yet another habeas petition as he

15  has done in this case. Under the doctrine of claim preclusion, a final judgment forecloses

16  "successive litigation of the very same claim, whether or not relitigation of the claim raises the

17  same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Issue

18  preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and

19  resolved in a valid court determination essential to the prior judgment," even if the issue recurs

---

[1] Courts may take judicial notice of its own records and records in other cases. *See Chandler v. United States*, 378 F.3d 206, 900 (9th Cir. 1967) (Court "may take judicial notice of its own records"); *United States v. Howard*, 381 F.3d 873, 876, n.1 (9th Cir. 2004) (Courts may "take judicial notice of court records in another case").

REPORT AND RECOMMENDATION FOR
DISMISSAL - 3

in the context of a different claim. The Court accordingly dismisses with prejudice the present habeas challenge to the King County conviction.

Petitioner also avers he did not appeal or file a petition for collateral relief in the state courts challenging any of the state convictions that he mentions in the present habeas petition. Petitioner may obtain federal habeas relief only if he has exhausted state judicial remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion requirement is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A). *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971).

The exhaustion doctrine requires a petitioner to do two separate things. First, to exhaust a federal habeas claim, a petitioner must properly raise the federal claim in each appropriate state court, including the state intermediate court of appeals and the state's highest court. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004). And second, the exhaustion doctrine requires a petitioner to have fully and fairly presented each federal habeas claim to the highest state court. *Picard v. Connor*, 404 U.S. at 275.

Here, Petitioner avers he has failed to present his habeas claims to the state courts via an appeal or a petition for state collateral relief. As his claims are unexhausted, the Court should dismiss them.

In addition to the two fatal deficiencies described above, the habeas petition fails to set forth facts sufficient to state a claim for relief. The Court may grant § 2254 habeas corpus relief only if (1) the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) the decision was

REPORT AND RECOMMENDATION FOR
DISMISSAL - 4

based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

Under § 2254(d)(1)'s "contrary to" clause, a federal court may grant the habeas petition only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See id.* at 407-09. The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The Supreme Court has further explained that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Clearly established federal law means "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer*, 538 U.S. at 71-72. This includes the Supreme Court's holdings, not its dicta. *Id.* "If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law." *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004) (citing *Dows v. Wood*, 211 F.3d 480, 485-86 (9th Cir. 2000)).

REPORT AND RECOMMENDATION FOR
DISMISSAL - 5

As to § 2254(d)(2), a petitioner may only obtain relief by showing the state court's conclusion was based on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(d)(2)); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceedings."). The Court presumes the state court's factual findings to be sound unless the petitioner rebuts "the presumption of correctness by clear and convincing evidence." *Miller-El*, 545 U.S. at 240 (quoting 28 U.S.C. § 2254(e)(1)).

Here, Petitioner's grounds for relief do not set forth any facts showing that the state courts' decisions were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented.

Ground one for relief alleges "[t]he pretension of innocence based on the violation of consent conflates the categorical imperative w/ representations." *Id.* at 5. In Ground two for relief, Petitioner makes allegations about his criminal record, why a restraining order was issued against him, his military discharge and lies he told about his drug use, how he gained competency after medications, and his transfer from Clallam to another County after filing grievances about the victim in the case. Plaintiff's allegations all far short of the factual and legal bases required for habeas relief under § 2254. The present habeas petition should thus be dismissed.

And lastly, Petitioner submitted the present habeas petition with paying the filing fee or submitting a sufficient in forma pauperis application. The Clerk of Court advised Petitioner that

REPORT AND RECOMMENDATION FOR
DISMISSAL - 6

he must either pay the filing fee or submit a sufficient IFP application or the matter may be dismissed. As noted above, an earlier habeas petition was dismissed for failure to pay the filing fee or to submit a sufficient in forma pauperis application. Petitioner should thus be aware that the present petition is subject to dismissal. Despite this knowledge, as of the filing of this report and recommendation, Petitioner has neither paid the filing fee nor submitted an application to proceed IFP. The Court accordingly dismisses the matter for this additional reason.

### CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree Petitioner's claims regarding the King County conviction are time barred and unexhausted; Petitioner did not present any of his habeas claims to the state courts and they are thus unexhausted; Petitioner's allegations fail to set forth facts sufficient to meet the § 2254 standard for habeas relief; and the petition cannot go forward because Petitioner failed to pay the filing fee or apply to proceed IFP.

### CONCLUSION

For the foregoing reasons, the Court recommends the present habeas petition be dismissed with prejudice and that issuance of a certificate of appealability is denied. This Report

1  and Recommendation is not an appealable order.  Therefore, Petitioner should not file a notice of

2  appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District

3  Judge enters a judgment in the case.

4  Objections, however, may be filed no later than **November 12, 2024.**  The Clerk shall

5  note the matter for **November 15, 2024**, as ready for the District Judge's consideration.  The

6  failure to timely object may affect the right to appeal. The Clerk shall provide a copy of this

7  order to Petitioner.

8  DATED this 28th day of November, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION FOR
DISMISSAL - 8